BANK OF NORTH AMERICA *vs.* FREDERICK H. RINDGE.

Suffolk.    March 11, 1891. — June 27, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Kansas Corporation — California Stockholders — Enforcement of Personal Liability.*

A resident of New York cannot maintain an action in the courts of this State against a resident of California, to establish the personal liability of the latter as a stockholder for the debt of a corporation having no place of business in this State, and organized under laws of Kansas providing for a special and limited liability on the part of a stockholder, when no judicial proceedings have been taken in that State to ascertain and establish the liability of the defendant as such stockholder.

CONTRACT, seeking to hold the defendant responsible on a judgment recovered in Kansas against the Haddam State Bank, a Kansas corporation, in which the defendant was a stockholder. The Superior Court sustained a demurrer filed by the defendant, on the ground that the declaration did not set forth a legal cause of action; and the plaintiff appealed to this court. The facts appear in the opinion.

*H. S. Dewey*, for the plaintiff.

*H. Wheeler*, for the defendant.

ALLEN, J.   The plaintiff is a corporation of the State of New York.   The defendant is a resident of California, who owned fifty shares of stock in the Haddam State Bank, a corporation of Kansas.   The plaintiff recovered judgment in Kansas for $5,343 and costs against the Haddam State Bank, and took out execution thereon, but could find no property of the bank whereon to levy, and so the execution was returned unsatisfied. No steps were taken in Kansas to charge the defendant as a stockholder in the bank, but, he being found in Massachusetts, the plaintiff brings this action against him here, seeking to charge him personally for the judgment against the bank to the amount of the par value of his shares therein, namely, $5,000.   This is sought to be done by virtue of the laws of Kansas, respecting which the averment in the declaration is as follows :

" And the plaintiff further says, that by the laws of the State of Kansas, if any execution shall have been issued against the property or effects of a corporation, except a railway or religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon ; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment, and such plaintiff may maintain an action at law against any one or more of the stockholders of such corporation to recover a debt due by the corporation."

The declaration was demurred to, and we have to determine whether the plaintiff states a case upon his declaration.

The declaration does not in terms set forth any statute of Kansas, nor show to what extent the laws of Kansas above set forth are statutory, or rest merely in judicial decisions.   It is to be regretted that we are not at liberty to determine the case upon an examination of the statute of Kansas, with the assistance of any construction which may have been put upon it by the courts of that State.   But we must take the case as the parties present it to us.

The question can hardly be considered as an open one in this Commonwealth. This court has often declined to exercise jurisdiction to enforce a liability imposed upon stockholders in corporations established in other States under statutes of those States. In *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad*, 144 Mass. 341, 345, it is said : " This court does not take jurisdiction of a suit to enforce this liability of stockholders in a foreign corporation, not because it would be a suit to enforce a penalty, or a suit opposed to the policy of our laws, but because it is a suit against a foreign corporation which involves the relation between it and its stockholders, and in which complete justice only can be done by the courts of the jurisdiction where the corporation was created." See also *New Haven Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349, 353, and cases cited.

The case at bar furnishes a strong illustration of the propriety of this course. If the plaintiff, as a creditor of the Kansas corporation, without obtaining any previous judgment in Kansas establishing the defendant's liability as a stockholder, can maintain an action directly and in the first instance against him in Massachusetts, for the purpose of charging him as a stockholder under the qualified liability set forth in the declaration, then it would follow that the plaintiff might also institute a similar action against him in California, or in any number of other States where service upon him could be obtained. The plaintiff might also institute similar actions for the same debt in different States against other stockholders. In such case, it is probable that a judgment against one stockholder without satisfaction would be no bar to actions against others, but it is obvious that the defendants in such actions might be put to great inconvenience in ascertaining, and indeed might find it practically impossible to ascertain, what steps the plaintiff might have taken against other stockholders in other States. A dishonest creditor might possibly recover several times over against different stockholders in different States, before they respectively could ascertain the facts. Likewise, the defendant, if compelled to pay under a judgment recovered in one State, would find it difficult, if not impossible, to enforce contribution from other stockholders residing elsewhere. Moreover, if the plaintiff might maintain such actions against the defendant and against other stockholders in different States, until he should finally recover satisfaction, other creditors of the

Kansas corporation might also do the same. If every creditor of a Kansas corporation, which has no property with which to respond to a judgment obtained by such creditor against it in Kansas, may thereupon, without any further proceedings in that State to charge the stockholders, maintain an action against every stockholder in every State in the Union where service can be obtained, and pursue such action until satisfaction is obtained from some stockholder in some State, it is obvious that a large amount of litigation might ensue, under which substantial justice as among the stockholders could not be worked out. The liability of the stockholder, as set forth in the declaration, is not a general liability for all the debts of the corporation. The execution against the stockholder which can be issued in Kansas in the action against the corporation, as set forth in the declaration, is only " to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon." Probably, by the true construction of the laws of Kansas, the action at law to charge stockholders, which is given as an alternative remedy, would be limited to the same amount as the execution ; though, according to the averment of the declaration, the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment, without any other limitation being expressed. The present plaintiff does not contend that it can recover against the defendant the full amount of its judgment, but only the par value of the defendant's stock in the bank. The liability sought to be enforced is a strictly limited one. It seems to us that a *bona fide* or at any rate a compulsory payment to one creditor would discharge a stockholder to that extent from liability to others ; and a payment of the full par value of his stock would, according to the view which has been expressed by this court, be a full discharge ; *Halsey* v. *McLean*, 12 Allen, 438, 442 ; though as to this other courts might hold otherwise. *Fowler* v. *Robinson*, 31 Maine, 189. *Grose* v. *Hilt*, 36 Maine, 22. There is no averment in the declaration that the defendant has not been thus discharged from liability, and perhaps this is not necessary, as it would be more properly a matter of defence ; but in case of several actions in different States, questions of priority of the claims of creditors might arise, upon which the decisions of the courts of the different States might not be uniform, and thus the de-

fendant might be held liable more than once. The cases cited by the defendant appear to show that in some States the creditor first bringing suit has priority. *Ingalls* v. *Cole*, 47 Maine, 530. *Thebus* v. *Smiley*, 110 Ill. 316. In Missouri, the creditors rank in the order in which they respectively obtained judgment. *State Savings Association* v. *Kellogg*, 63 Misso. 540. In other States, no priority among the creditors is recognized. *Pfohl* v. *Simpson*, 74 N. Y. 137. *Wright* v. *McCormack*, 17 Ohio St. 86. *Eames* v. *Doris*, 102 Ill. 350. *Chicago* v. *Hall*, 103 Ill. 342. See Thompson, Liability of Stockholders, §§ 420–426; 2 Morawetz, Corp. (2d ed.) § 897. Even a compulsory payment might not avail to protect him. Moreover, the defendant might by way of set-off present claims which he holds either against the corporation in Kansas, or against the creditor who sues him, and different decisions in respect to his right of set-off might be made in different States.

These considerations are suggested to illustrate the practical difficulty of enforcing a liability such as that set forth in the declaration in other States than that where the corporation is established, in such a way as to secure substantial justice. This difficulty is far greater in cases where no steps have been taken in the State where the corporation is established to ascertain and determine the amount of each stockholder's liability. There the whole amount of debts can be ascertained, and the proper proportion assessed upon each stockholder; or his liability can be otherwise determined in a manner which will avoid many of the objections which exist against the maintenance of actions like the present. We remain satisfied with the conclusions heretofore reached by this court, that such an action under the circumstances which appear here ought not to be entertained in this State. Limiting our decision to the facts now before us, it is this: That a resident of the State of New York cannot maintain in the courts of this State an action against a resident of the State of California, to establish his personal liability as a stockholder of a corporation organized in the State of Kansas, and having no place of business in this State, for a debt of that corporation to the plaintiff, under laws of Kansas such as are set forth in the declaration, providing for a certain special and limited liability on the part of stockholders, when no judicial

proceedings have been taken in Kansas to ascertain and establish the liability of the defendant as such stockholder.

Whether the same result might not be reached on the ground that the subsidiary liability of stockholders such as is set forth is matter of remedy only, and does not follow the stockholder outside of the State, there being no averment of a different construction of the statute by the Kansas courts, we need not consider. *Brown* v. *Eastern Slate Co.* 134 Mass. 590.

*Judgment for the defendant affirmed.*