HANCOCK NATIONAL BANK *vs.* D. WARREN ELLIS.

Suffolk.    March 10, 11, 1896. — June 16, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Declaration — Demurrer — Liability of Stockholder of Corporation organized in another State.*

A declaration which sets forth that according to the law of Kansas the defendant stockholder of a corporation organized under the laws of that State is liable to a judgment creditor of the corporation as upon a contract, which is suable anywhere, is good; and the fact that the corporation is in the hands of receivers is immaterial, if, under the averments of the declaration, the liability of the defendant is directly to creditors, and the receivers cannot enforce it.

CONTRACT. The declaration alleged that the plaintiff was a creditor of the Commonwealth Loan and Trust Company, a corporation organized under the laws of the State of Kansas; that in December, 1893, it recovered judgment against said corporation for the sum of $16,136.76, and, execution having been taken out thereon, no property of the corporation could be found to be taken in satisfaction thereof, and the same was returned to the plaintiff wholly unsatisfied; that the General Statutes of the State of Kansas of 1889, paragraph 1192, provide that, "if any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon

to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder" except by order of court, " or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment"; that thereafter, in accordance with said law, the plaintiff, not being a railway or a religious or charitable corporation, brought actions of contract against all the solvent stockholders to it known, severally, of said corporation, who were residents of Kansas and within the jurisdiction of its courts, to recover from each one an amount equal to the stock then owned by him in said corporation, the several liability of stockholders under said paragraph 1192 having been judicially determined by the Supreme Court of Kansas; that the plaintiff recovered in such actions a total sum of $2,959.13, and applied the same in partial payment of said execution, leaving unpaid thereon the sum of $13,177.63; that the defendant is a stockholder in said corporation, now owning ten shares of the capital stock thereof, of a par value of one hundred dollars each, and appearing as such stockholder upon the books of the corporation, whereby he is conclusively presumed to be a stockholder of said corporation within the meaning and liability of said paragraph 1192, according to the interpretation of said paragraph by the Supreme Court of the State of Kansas; that the defendant has not paid in good faith the just debts of the corporation equal to the amount of the stock held by him therein, or to any part thereof, since the assets of said corporation have been exhausted, which payment would operate *pro tanto* to discharge him of his stockholder's liability under paragraphs 1192 and 1206 of the General Statutes of Kansas, of which the last named provides that " no stockholder shall be liable to pay debts of the corporation, beyond the amount due on his stock, and an additional amount equal to the stock owned by him," said paragraphs having been judicially interpreted to that effect by the Supreme Court of Kansas; that the defendant has no just claim in set-off against the corporation, which would wholly or in part discharge him of liability under the paragraphs, as interpreted by said court; that no action under paragraph 1192 has been brought against

the defendant by any judgment creditor of the corporation prior to this action and been prosecuted to judgment, and said judgment been satisfied in whole or in part by the defendant, which payment would operate to that amount as a discharge of the liability of the defendant under the paragraphs as interpreted by said court, nor is any such prior action under paragraph 1192 now pending against the defendant; that the plaintiff has recovered no judgments which have been satisfied and applied in payment of its said execution, except as above set forth, and that it has brought no action under paragraph 1192 or otherwise, which, if prosecuted to final judgment and satisfaction thereof, will wholly satisfy said execution against the corporation, or reduce the amount unsatisfied on the execution below one thousand dollars, and that it seeks to recover the amount of one thousand dollars against the defendant, and no more, being only an amount equal to the par value of the stock held and owned by the defendant in the corporation; that the defendant owes it the sum of one thousand dollars under and by virtue of his liability as a stockholder of said corporation, as set forth in paragraph 1192, which liability is a contractual liability, and arises upon the contract of subscription to the capital stock of said corporation made by the defendant in becoming a stockholder, and that the defendant, in subscribing to the stock and becoming a stockholder, thereby guaranteed payment to the creditors of the corporation of an amount of the debt of the corporation equal to the par value of the stock held and owned by him, which should be payable to the judgment creditors of the corporation, who first pursued their remedy under paragraph 1192 against the defendant, until the amount as guaranteed has been paid by him, and that an action to enforce the liability is transitory, and may be brought in any court of general jurisdiction in the State where personal service can be made upon the stockholder, according to the interpretation of the liability under said paragraph, by the decisions of the Supreme Court of Kansas; that on July 16, 1894, William S. Hinman and Waldo H. Howard were, by the Circuit Court of the United States for the District of Kansas, appointed receivers for said Commonwealth Loan and Trust Company, and now report that the total indebtedness of the

corporation, at the time when its property was wholly exhausted, for which the stockholders were liable to the full amount of the par value of their stock under paragraph 1192, amounted to not less than $300,000, and the total par value of all the shares of stock of the corporation amounted to $100,000 ; that there-fore each stockholder is liable to the creditors of the corporation, in a suit against him, under paragraph 1192, for the full par value of his stock, and for a further sum, in case any of his shares have not been fully paid for, equal to the amount unpaid upon their par value, but for no more, and that after each stock-holder has once paid in full the amount of his liability, the debts of the corporation will not be wholly paid and discharged, so that all the stockholders are charged with said liability to the full amount, and there can be no contribution among the stock-holders according to paragraph 1205 of the General Statutes of Kansas for 1889, which provides that, "if any stockholder pay more than his due proportion of any debt of the corporation, he may compel contribution from the other stockholders by action " ; that therefore no injustice can be done the defendant by enfor-cing the liability herein set forth in this action ; and that said statutes of the State of Kansas, as construed in the highest court of that State, impose a liability upon the defendant to the plain-tiff as above set forth.

The defendant demurred to the declaration, assigning as grounds therefor : 1. That it does not appear by said declara-tion that under the laws of this Commonwealth the defendant is under any liability to the plaintiff, but that the only liability of the defendant to the plaintiff set forth in the declaration is a liability under the laws of the State of Kansas, and only en-forceable by the laws of that State. 2. That it appears from the declaration that on July 16, 1894, in the Circuit Court of the United States for the District of Kansas, William S. Hinman and Waldo H. Howard were appointed receivers for the Common-wealth Loan and Trust Company ; and that it does not appear therein that the receivers are not still in charge of the com-pany, and have the sole right to sue for the company, and collect all indebtedness due the company by its stockholders, of which the defendant is alleged in the plaintiff's declaration to be one ; and that the plaintiff has not set forth any right vesting

in it to sue the defendant in any court while the receivers are still in charge of the company. 3. That it does not appear that, at the date of the incurring of the liability in the declaration alleged, the defendant was the holder and owner of stock in the company.

In the Superior Court the demurrer was sustained, and judgment ordered for the defendant; and the plaintiff appealed to this court.

*W. R. Bigelow*, for the plaintiff.

*A. E. Burr*, for the defendant.

ALLEN, J. This case comes up on demurrer to the plaintiff's declaration. It is averred, in substance, that under the statute of Kansas, as interpreted by the decisions of the Supreme Court of that State, the liability of the defendant as a stockholder is a contractual liability, and arises upon the contract of subscription to the capital stock made by the defendant in becoming a stockholder, and that in subscribing to said stock and becoming a stockholder he thereby guaranteed payment to the creditors of an amount equal to the par value of the stock held and owned by him, which should be payable to the judgment creditors of said corporation who first pursued their remedy under the statute; and that an action to enforce said liability is transitory, and may be brought in any court of general jurisdiction in the State where personal service can be made upon the stockholder.

The liability of the stockholders must be determined according to the law of Kansas. *New Haven Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349, 353. *Halsey* v. *McLean*, 12 Allen, 438, 441. *Flash* v. *Conn*, 109 U. S. 371. We now have a case where the declaration, as we interpret it, sets forth that according to the law of Kansas the defendant is liable to a judgment creditor of the corporation as upon a contract, which is suable anywhere. The facts alleged in this respect are different from those in any case heretofore presented to this court, (see *Bank of North America* v. *Rindge*, 154 Mass. 203,) and the alleged liability of stockholders is of a different character from that which exists in this Commonwealth. We are, however, to adopt the construction which is given in Kansas to the liability and undertaking of stockholders in Kansas corporations, and to give force and effect to the same as there established. Accordingly, juris-

diction exists here to enforce the liability like other debts, if the law of Kansas is accurately stated in the declaration.   On the demurrer we can only look at the averments of the declaration. We cannot take judicial notice of the statutes of Kansas, or of their interpretation by the courts of that State.   At this stage, we simply look at the case as the plaintiff presents it.

The fact that the corporation is in the hands of receivers is immaterial, because, under the averments of the declaration, the liability of the defendant is directly to creditors, and the receivers could not enforce it.   *Barre National Bank* v. *Hingham Manuf. Co.* 127 Mass. 563, 567.   Cook, Stock & Stockholders, § 218, and cases there cited.

The averments are sufficient to set forth that the defendant is such a stockholder as by the law of Kansas would be liable to the plaintiff.   *Judgment reversed.   Demurrer overruled.*