HANCOCK NATIONAL BANK vs. D. WARREN ELLIS.

Suffolk.   November 16, 17, 1897. — September 23, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

. *Liability of Stockholder of Corporation organized in another State.*

By the statutes of Kansas the liability of a stockholder of a corporation there
organized to pay the debts of the corporation is several, and may be enforced
by an action against the stockholder in a court of competent jurisdiction in the
State where the stockholder resides, and can be served with civil process.

FIELD, C. J.   This case was once before considered by us on
demurrer to the declaration.  *Hancock National Bank* v. *Ellis,*
166 Mass. 414.   The demurrer having been overruled, the de-
fendant answered, and the cause was heard by a justice of the
Superior Court, without a jury.

At the close of the evidence, both the plaintiff and the defend-
ant made numerous requests for rulings.   The presiding justice
gave the third, fourth, fifth, sixth, and eighth of the rulings re-
quested by the plaintiff, and all of the rulings requested by the
defendant, and made the following special findings:

" 1. I find that the Commonwealth Loan and Trust Company
ceased to do business on February 21, 1891.

" 2. I find from the evidence that such corporation did not
resume business thereafter, and that by virtue of the statutory
law of Kansas there was a dissolution of the corporation previous
to the date of this writ.

" 3. There was no legal or competent evidence given at the
trial which enabled me to find what were the assets or the lia-
bilities of this corporation at the date of the original judgment
against the corporation, or at the date of the issue of execution
against it, or at the date of the writ in this action."

The first four rulings requested by the plaintiff which the
court gave were as follows:

" 3. Upon all the evidence in the case, as matter of law, the
court is bound to find that, under the laws of Kansas, stockhold-
ers in corporations organized under the laws of Kansas are liable
severally, and not jointly, to the judgment creditors of the corpo-

ration, who pursue the remedy provided by paragraph 1192 of the General Statutes of Kansas of 1889.

"4. Upon all the evidence in the case, as matter of law, the court is bound to find that, under the laws of Kansas, stockholders in Kansas corporations who appear as stockholders upon the books of the corporation are conclusively presumed to be stockholders of the corporation within the meaning and liability of said paragraph 1192, already referred to.

"5. Upon all the evidence in the case, as matter of law, the court is bound to find that, under the laws of Kansas, the stockholder's liability under said paragraph 1192, already referred to, is a contractual liability, and arises upon the contract of subscription to the capital stock made by the defendant in becoming a stockholder; and that in subscribing to said stock and becoming a stockholder he thereby guaranteed payment to the creditors of the corporation of an amount equal to the par value of the stock held and owned by him.

"6. Upon all the evidence in the case, as matter of law, the court is bound to find that, under the laws of Kansas, the stockholder who is liable under said paragraph 1192 is liable to the judgment creditor of the corporation who first pursues his remedy under the statutes, and is discharged from all further liability by once paying the full amount thereof to such creditor."

Among the rulings requested by the plaintiff which the court declined to give is the seventh, which is as follows:

"7. Upon all the evidence in the case, as matter of law, the court is bound to find that, under the laws of Kansas, an action to enforce the stockholder's liability under said paragraph 1192, already referred to, is transitory, and may be brought in any court of general jurisdiction in the State where personal service can be made upon the stockholder."

The rulings requested by the defendant which the court gave are to the effect that the obligations imposed by the statutes of Kansas will be enforced in Massachusetts only as a matter of comity; that the courts of Massachusetts will not enforce them against a resident citizen of Massachusetts unless it appears that no injustice will be done; that these courts are unable to do justice to stockholders resident in Massachusetts who have paid the debts of the corporation, and are entitled to sue other

stockholders to enforce contribution, especially if the corporation has been dissolved or has suspended business; that the statutes of Kansas which provide for contribution are a part of a scheme for ultimately compelling stockholders ratably to pay the debts of the corporation, and that, concerning as they do the relations between the corporation and its stockholders, they can be effectually and completely enforced only by the courts of Kansas; and the enforcement of them should be left to those courts.

The Commonwealth Loan and Trust Company is a private corporation, established under the laws of the State of Kansas on February 2, 1887, for the purpose of transacting the business of a loan and trust company, and having places of business at Kansas City in Kansas, and in Missouri, and in the city of Boston in Massachusetts. The plaintiff, the Hancock National Bank of Boston, is the same corporation as the Traders' National Bank of Boston. On September 1, 1891, the Traders' National Bank of Boston, having previously lent the Loan and Trust Company $25,000, received its promissory note therefor signed by the Loan and Trust Company, indorsed on which appear payments of interest and certain sums of money on account of the principal. On September 9, 1893, the bank commenced suit against the Loan and Trust Company on this note in the Circuit Court of the United States for the District of Kansas, and on December 8, 1893, recovered judgment therein against the Loan and Trust Company in the sum of $16,136.76, damages, and $28.45, costs of suit; and on April 27, 1894, execution issued therefor, which was returned on May 29, 1894, by the marshal of the United States for said district wholly unsatisfied, after he had made diligent search for any property of the defendant on which to levy the execution and had found none. The present suit was brought in the Superior Court for the County of Suffolk in this Commonwealth, on May 25, 1895. The defendant is a resident of the Commonwealth. On April 27, 1894, the defendant owned one certificate of five shares of stock of the Loan and Trust Company, and had in his possession as collateral security for the payment of a debt due to him another certificate of five shares, both of which he continued to hold down to the time of the trial here, and the certifi-

cates were produced at the trial. The certificates are each dated February 7, 1887, and they certify that the defendant is the owner of five shares in the capital stock of the Loan and Trust Company, "transferable only on the books of the said company on the surrender of this certificate properly indorsed." They differ only in this, that one certificate describes the defendant as "owner of as collateral security five shares," etc., while the other omits the words "as collateral security." A record of these certificates appears in the transfer book and in the stock ledger of the corporation. On July 16, 1894, by a decree entered in a suit in the Circuit Court of the United States for the District of Kansas, William S. Hinman of Boston, Massachusetts, and Waldo H. Howard of Kansas City, Kansas, were appointed receivers of the Loan and Trust Company, for the purpose of winding up the affairs of the corporation. The order appointing the receivers did not purport to dissolve the corporation. The corporation had been established to exist for fifty years from February 2, 1887, and had a capital stock of one hundred thousand dollars, divided into one thousand shares of one hundred dollars each. There was evidence that a great many of the stockholders reside outside of the State of Kansas.

The plaintiff in the present suit put in evidence the General Statutes of Kansas of 1889, paragraphs 1192, 1193, 1199, 1205, 1206, 4080, 4081, 4083, 4084, 4085, 4087, 4167, 4168, 4169, 4170. Paragraphs 1192, 1205, and 1206 are printed in the margin.*

---

* "1192. If any execution shall have been issued against the property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then execution may be issued against any of the stockholders, to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit, or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly; or the plaintiff in the execution may proceed by action to charge the stockholders with the amount of his judgment."

"1205. If any stockholder pay more than his due proportion of any debt of the corporation, he may compel contribution from the other stockholders by action.

These statutes, so far as material, were in existence for some time before the defendant became the owner of the certificates of stock, and before the organization of the Loan and Trust Company. The plaintiff also put in evidence the official reports of the following decisions of the courts of Kansas: *Howell* v. *Manglesdorf*, 33 Kans. 194; *Wells* v. *Robb*, 43 Kans. 201; *Abbey* v. *Grimes Dry Goods Co.* 44 Kans. 415; *Abbey* v. *Long*, 44 Kans. 688; *Plumb* v. *Bank of Enterprise*, 48 Kans. 484; *Hoyt* v. *Bunker*, 50 Kans. 574; *Howell* v. *First National Bank*, 52 Kans. 133; *Van Demark* v. *Barons*, 52 Kans. 779; *Achenbach* v. *Pomeroy Coal Co.* 2 Kans. App. 357; *United States Wind Engine & Pump Co.* v. *Davies*, 2 Kans. App. 611; *Buist* v. *Citizens' Savings Bank*, 4 Kans. App. 700. The defendant, subject to the exception of the plaintiff, put in evidence the General Statutes of the State of Kansas of 1889, Article 12 of the Constitution, paragraph 211, and paragraphs 1200 and 1204 of the statutes which are printed in the margin,* and also the official report of the decision of the Supreme Court of Kansas in *Hentig* v. *James*, 22 Kans. 326.

---

"1206. No stockholder shall be liable to pay debts of the corporation, beyond the amount due on his stock, and an additional amount equal to the stock owned by him."

* "211. Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder; and such other means as shall be provided by law; but such individual liabilities shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

"1200. A corporation is dissolved, first, by the expiration of the time limited in its charter; second, by a judgment of dissolution rendered by a court of competent jurisdiction; but any such corporation shall be deemed to be dissolved for the purpose of enabling any creditors of such corporation to prosecute suits against the stockholders thereof to enforce their individual liability, if it be shown that such corporation has suspended business for more than one year, or that any corporation now so suspended from business shall for three months after the passage of this act fail to resume its usual and ordinary business."

"1204. If any corporation, created under this or any general statute of this State, except railway or charitable or religious corporations, be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if judgment be rendered, and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of dissolution, for the recovery of the portion of such debt for which they were liable, and the execution upon the judgment shall direct the col-

The courts of Kansas, from the nature of the question, can never directly decide that the liability of a stockholder, under paragraph 1192 of the General Statutes of Kansas, is one that may be enforced in any court of general jurisdiction in any other State or country where due service of process can be made upon the stockholder. Only courts of other jurisdictions can decide that question. The courts of Kansas can only express an opinion to that effect, if they entertain it in cases before them, as one of the reasons for the judgment they render in those cases. That opinion the Supreme Court of Kansas has expressed in *Howell* v. *Manglesdorf*, 33 Kans. 194, 195. The other decisions cited of the courts of last resort in Kansas tend to confirm that opinion. None is inconsistent with it. The courts of the United States inferior to the Supreme Court have uniformly held that the liability under the statutes of Kansas which we are considering can be enforced against a stockholder in any State or district where he can properly be served with process. *Whitman* v. *National Bank of Oxford*, 51 U. S. App. 536, affirming on error the judgment of the Circuit Court in *National Bank of Oxford* v. *Whitman*, 76 Fed. Rep. 697. *Brown* v. *Trail*, 89 Fed. Rep. 641. *American Freehold Land Mortgage Co.* v. *Woodworth*, 79 Fed. Rep. 951; *S. C.* 82 Fed. Rep. 269. *McVickar* v. *Jones*, 70 Fed. Rep. 754. *Rhodes* v. *United States National Bank*, 66 Fed. Rep. 512. *Bank of North America* v. *Rindge*, 57 Fed. Rep. 279. See *Auer* v. *Lombard*, 72 Fed. Rep. 209; *Mechanics' Savings Bank* v. *Fidelity Insurance, Trust, & Safe Deposit Co.* 87 Fed. Rep. 113. These decisions are in accordance with the principles of the decisions of the Supreme Court of the United States with reference to statutes of other States somewhat similar to those of Kansas. *Flash* v. *Conn*, 109 U. S. 371. *Huntington* v. *Attrill*, 146 U. S. 657.

The decisions of State courts other than those of Kansas are not uniform upon the question whether the statutory liability of

---

lection to be made from property of each stockholder, respectively; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally among all the remaining stockholders, and collections made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company dissolved."

a stockholder to creditors of the corporation under these statutes of Kansas can be enforced by a suit against the stockholder in any State where he resides, and can be served with process. In favor of such a doctrine are *Guerney* v. *Moore*, 131 Mo. 650; *Bagley* v. *Tyler*, 43 Mo. App. 195; and *Ferguson* v. *Sherman*, 116 Cal. 169. See *Cushing* v. *Perot*, 175 Penn. St. 66. *Contra* are *Fowler* v. *Lamson*, 146 Ill. 472; *Tuttle* v. *National Bank of the Republic*, 161 Ill. 497; and *Hancock National Bank* v. *Farnum*, 20 R. I.    .    *Marshall* v. *Sherman*, 148 N. Y. 9, is a case which arose upon demurrer, and somewhat resembles *Bank of North America* v. *Rindge*, 154 Mass. 203, and the decision in both depended upon the averments of the declaration.

This court has many times decided that the statutes of other States, creating the liability of stockholders to creditors of a corporation, which provide for a suit of a special kind to which the corporation and all the stockholders are to be made parties, will not in general be enforced by the courts of this State. It often happens that the courts of this State could acquire no jurisdiction over the corporation which is a necessary party, or over many of the stockholders, and the suit itself is sometimes of a kind unknown to our laws. The proper courts of the State under whose laws the corporation is established have full jurisdiction over the corporation. Whether in such a suit such courts can acquire jurisdiction over all the stockholders, wherever they reside, in order to determine their liability under the statutes to which they may be held to have assented in becoming stockholders, it is unnecessary now to consider. The proceedings are somewhat analogous to the laying of assessments ratably upon all stockholders for the purpose of paying the debts of the corporation in the manner and to the extent prescribed by the statutes. The special remedy provided by the statutes must be pursued, and, as the statutes of a State have no force *ex proprio vigore* beyond the territorial limits of the State, the remedy usually must be pursued in the State where the corporation has been established and the statutes passed. *Erickson* v. *Nesmith*, 15 Gray, 221; *S. C.* 4 Allen, 233. *New Haven Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349. *Post* v. *Toledo, Cincinnati, & St. Louis Railroad*, 144 Mass. 341. *Bank of North America* v. *Rindge*, 154 Mass. 203. *Coffing* v. *Dodge*,

167 Mass. 231.    See *Fourth National Bank* v. *Francklyn*, 120 U. S. 747 ; *Lowry* v. *Inman*, 46 N. Y. 119 ; *May* v. *Blac.* 77 Wis. 101, 107 ; *Rice* v. *Merrimack Hosiery Co.* 56 N. H. 114 ; *Nimick* v. *Mingo Iron Works*, 25 W. Va. 184.

In *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176, the grounds on which the courts of this State entertain an action at law founded on the statutes of another State are stated to be as follows : " Assuming that the cause of action is one not existing at the common law, but created by the statute of another State, we have seen that it is transitory, and that it survives and passes from the deceased to his administrator. When an action is brought upon it here, the plaintiff is not met by any difficulty upon these points.    Whether our courts will entertain it depends upon the general principles which are to be applied in determining the question whether actions founded upon the laws of other States shall be heard here.    These principles require that, in cases of other than penal actions, the foreign law, if not contrary to our public policy, or to abstract justice or pure morals, or calculated to injure the State or its citizens, shall be recognized and enforced here, if we have jurisdiction of all necessary parties, and if we can see that, consistently with our own forms of procedure and law of trials, we can do substantial justice between the parties.    If the foreign law is a penal statute, or if it offends our own policy, or is repugnant to justice or to good morals, or is calculated to injure this State or its citizens, or if we have not jurisdiction of parties who must be brought in to enable us to give a satisfactory remedy, or if under our forms. of procedure an action here cannot give a substantial remedy, we are at liberty to decline jurisdiction.    *Blanchard* v. *Russell*, 13 Mass. 1, 6.    *Prentiss* v. *Savage*, 13 Mass. 20, 24.    *Ingraham* v. *Geyer*, 13 Mass. 146.    *Tappan* v. *Poor*, 15 Mass. 419.    *Zipcey* v. *Thompson*, 1 Gray, 243, 245.    *Erickson* v. *Nesmith*, 15 Gray, 221, and 4 Allen, 233, 236.    *Halsey* v. *McLean*, 12 Allen, 438, 443.    *New Haven Horse Nail Co.* v *Linden Spring Co.* 142 Mass. 349, 353.    *Bank of North America* v. *Rindge*, 154 Mass. 203."

In *Post* v. *Toledo, Cincinnati, & St. Louis Railroad, ubi supra*, this court say : " The obligation imposed by the statutes of Ohio upon the stockholders for the purpose of securing the

payment of the debts of the corporation is *quasi ex contractu*. It must be taken that all persons who become stockholders in an Ohio corporation know the law under which the corporation is organized, and assent to the liability which that law imposes upon stockholders, and that all persons who deal with the cor· poration rely upon the liability of the stockholders as security for the payment of whatever debts may be due them from the ·corporation.   It is for the people or the Legislature of each State to determine to what extent, if at all, the stockholders of corporations created by the laws of that State shall be liable for the debts of such corporations.   It was early the policy of Massachusetts to make every stockholder liable to have his property taken to satisfy a judgment against a Massachusetts corporation of which he was a member; see *Child* v. *Boston & Fairhaven Iron Works*, 137 Mass. 516; and although this policy has now been changed, and the liability restricted to specific cases, and to corporations of a particular character, yet there is nothing in the laws of Ohio, as stated in the bill, that is so opposed to the general policy of our laws that even citizens of Massachusetts, who voluntarily have become stockholders in Ohio corporations, should not be held to perform the obligations imposed by those laws."

When the liability is distinctly imposed by statute upon the stockholders severally, it would be unfortunate if it could not be enforced against stockholders not resident within the State under whose laws the corporation has been established, on the ground that due process could not be served on them within that State, and the courts of the State where they reside would not take jurisdiction of suits to enforce the liability.

It certainly concerns the due administration of justice that all stockholders, wherever they reside, should be compelled by proceedings somewhere to perform the statutory obligations toward creditors of the corporation which they have assumed by becoming stockholders.

The remedy provided by paragraphs 1200 and .1204 of the General Statutes of Kansas, even if applicable to the present case, was not intended to be exclusive when a judgment has been obtained against the corporation.  The present plaintiff has pursued exactly the remedy provided by paragraph 1192 of those

statutes.    That paragraph permits the plaintiff to proceed by action to charge the stockholders with the amount of the judgment.    The courts of Kansas hold that the action must be against the stockholders severally, and not jointly.    The stockholder who pays more than his proportion of any debt of the corporation may compel contribution from the other stockholders by action.    The creditor of the corporation can by action collect the amount of his judgment remaining unpaid of any stockholder, "to any extent equal to the amount of stock by him or her owned, together with any amount unpaid thereon."    The stockholder is discharged as against all creditors of the corporation when he has paid the debts of the corporation to this extent.    We are unable to see in what manner the enforcement of these statutes by the courts of Massachusetts against stockholders resident here, at the instance of a creditor of the corporation, does any injustice to the citizens of Massachusetts.    If they pay what they are required to pay, they have the same remedy for contribution which any other stockholders have.    This remedy may be difficult to enforce, because the stockholders may reside in many different States or countries; but the same remedy for contribution is given to all stockholders wherever they reside.    The Legislature of Kansas has chosen to give to the creditors of certain of its corporations the security which the individual liability of each stockholder affords, to the extent prescribed by its statutes, leaving the burden of enforcing contribution from other stockholders on any stockholder who has been compelled to pay anything in discharge of the debts of the corporation.    This somewhat resembles the law of Massachusetts whereby judgment creditors of cities and towns can levy execution on the property of any inhabitant, and such inhabitant is left to enforce contribution from the other inhabitants.    Persons becoming stockholders in foreign corporations can ascertain the nature and extent of the liability of the stockholders in such corporations according to the laws of the State or country under which the corporations are organized, and they cannot complain if this liability is enforced against them.

We are unable to assent to the decision of the Supreme Court of Pennsylvania in *Cushing* v. *Perot*, 175 Penn. St. 66, that the liability of the defendant passed to the receivers of the corpora-

tion as an asset of the corporation, because we think that the liability as created by the statutes of Kansas is directly to the creditors, and cannot be enforced by receivers in their own names or in the name of the corporation. *Hancock National Bank* v. *Ellis*, 166 Mass. 414, 419. *National Bank of Barre* v. *Hingham Manuf. Co.* 127 Mass. 563, 567. *Chamberlin* v. *Huguenot Manuf. Co.* 118 Mass. 532.

The law of Kansas was a fact to be proved in the present suit. Where the evidence of foreign law consists entirely of statutes or reports of judicial decisions, the constructions and effects of the statutes and decisions are usually for the court alone. *Bride* v. *Clark*, 161 Mass. 130. *Reyer* v. *Odd Fellows' Fraternal Accident Association*, 157 Mass. 367. *Gibson* v. *Manufacturers' Ins. Co.* 144 Mass. 81. Where the decisions are conflicting, or where inferences of fact must be drawn, the question of what the law is becomes one of fact. *Wylie* v. *Cotter*, 170 Mass. 356.

Upon the evidence introduced at the trial, a majority of the court think that the reasonable inference is that the action given to enforce the liability of stockholders under paragraph 1192 of the General Statutes of Kansas of 1889 was intended to be a transitory action of such a nature that it might be brought in any court of general jurisdiction over similar actions in any State or country where service according to the laws of that State or country could be made upon a stockholder.

They are of opinion that the Superior Court should have found in accordance with the seventh request of the plaintiff. This almost necessarily follows in the view they have taken of the statutes of Kansas, from the four rulings requested by the plaintiff which the court gave, whether they be regarded as rulings of law or findings of fact. It is unnecessary now to consider the other questions which have been argued, or which appear in the bill of exceptions. The entry must be,

*Exceptions sustained.*

*W. R. Bigelow,* (*H. J. Jaquith* with him,) for the plaintiff.
*A. Hemenway & E. B. Adams,* for the defendant.