# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

## KIRTLEY v. HOLMES.

(Circuit Court of Appeals, Sixth Circuit. February 12, 1901.)

### No. 837.

1. CORPORATIONS—CONSTITUTIONAL LIABILITY OF STOCKHOLDERS—ENFORCEMENT IN OTHER JURISDICTIONS.

Under Const. Ohio, art. 13, § 3, providing that "dues from corporations shall be secured by such individual liability of the stockholders, and other means, as may be prescribed by law; but in all cases each stockholder shall be liable over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum at least equal in amount to such stock,"—a contractual liability exists upon the part of every stockholder in an Ohio corporation to its creditors, in case of its insolvency, at least equal to the amount of his stock, which may be enforced in the federal courts against a stockholder domiciled in another jurisdiction, where the evidence in the case shows the insolvency of the corporation, that its indebtedness exceeds the stockholder's liability, and that assessments have been made by a court of Ohio, under its statutes, against domestic stockholders, to the full amount of their liability, so as to make it fully appear that the foreign stockholder will not be unjustly discriminated against.

2. SAME—SUITS BY RECEIVER.

Rev. St. Ohio, §§ 3258–3260, provide, in accordance with the provisions of the state constitution, that stockholders in corporations shall be individually liable to creditors in an amount equal to their stock; that such liability shall be enforced in an action in behalf of all creditors and against all stockholders, in which the court shall determine the amount payable by each person liable on all the indebtedness of the corporation, and shall render judgment therefor against all stockholders served. The supreme court of the state has held such suit to be equitable in its nature, and one in which it is proper for the court, under the statutes of the state, to appoint a receiver to collect the amounts for which judgment has been therein rendered. *Held*, that it was also within the power of such court to authorize its receiver to bring suits against stockholders domiciled in other jurisdictions, and that a federal court in another jurisdiction should, on the principle of comity, recognize his right to maintain an action therein in behalf of all creditors to enforce the liability of a stockholder domiciled within its jurisdiction to an amount proportionate to that which domestic stockholders have been required to pay.

3. FEDERAL COURTS—JURISDICTION—SUIT TO SUBJECT LANDS OF DECEDENT.

Where the statutes of a state permit a creditor to follow the lands of a decedent in the hands of his heirs, or when conveyed to others than bona

107 F.—1

fide purchasers for value, and it is shown that there are no debts of the estate other than the one sued on, and that it has no property except lands which have been conveyed by the heirs to the widow of the decedent without consideration, a federal court may entertain a suit in equity by a creditor to establish his claim against the estate, and enforce the same against such lands, subject to such rights of dower or homestead as are given the widow therein by the state statutes.

Appeal from the Circuit Court of the United States for the District of Kentucky.

This case originated in the attempt of John R. Holmes, a receiver appointed for the purpose of collecting the stockholders' liability of the Commercial Bank of Cincinnati, an insolvent corporation, to enforce the liability alleged to have been incurred by one John M. Kirtley as a stockholder in said bank. It appears that on the 27th day of March, 1895, the Commercial Bank made an assignment for the benefit of its creditors under the laws of the state of Ohio. On the day following, one Albert Berger filed his petition in the court of common pleas of Hamilton county, in said state, in behalf of himself and other creditors of said bank, against the stockholders, for the purpose of recovering the additional stockholders' liability under the Ohio constitution and statutes. On reference to a master, an accounting was taken of the amount of stock held by stockholders, the amount of claims of creditors, and the amount due each. On the 24th of April, 1896, a report was filed by the referee setting forth the names of the stockholders, the number of shares held by each, the names of creditors, and the amount of claims held by each. John M. Kirtley, it was alleged, was the owner of 120 shares of said stock, of the par value of $6,000. He was an original party to the suit, served with process, but having died in February, 1896, at his domicile in Covington, Kenton county, Ky., a conditional order of revivor was issued in the case on the 10th day of April, 1896, finding that Elizabeth M. Kirtley and Jerry H. Kirtley had been appointed, respectively, administratrix and administrator of said estate; and it was ordered that the action be revived as against said representatives by publication, and afterwards, the publication having been made, the court undertook to order the cause revived in the name of said representatives. Afterwards, on the 6th day of July, 1896, a judgment was entered on the report of the referee, finding the insolvency of the corporation; also the claims of creditors, amounting at the time of the failure to $840,-388.38, from which was to be deducted the proceeds of certain collateral security, leaving $632,774.45 due the general creditors of the bank. The court found the assets of the bank, other than those pledged as collateral security, to be sufficient to pay not to exceed 50 per cent. of the indebtedness, and that not less than $381,104.63 would remain unpaid after the application of all the assets of the bank to the payment of its liabilities. The court thereupon found that it would be necessary to levy an assessment upon the stockholders of said corporation to pay said indebtedness. Further, that there were 6,560 shares, of the par value of $50 each, outstanding at the time of the failure of the bank, representing $328,000; that, of these shares, 665 were held by persons not within the jurisdiction of the court, and 1,095 shares by persons insolvent, leaving 4,800 shares held by persons who were solvent and within the jurisdiction of the court, amounting to $240,000. And the court found that the assessment to be levied upon each stockholder should be equal to the par value of the shares of stock held by each, and that the proceeds arising from such assessment would be insufficient to pay the balance due upon the uncontested claims against said bank, and much less than enough to pay the claims allowed by the court. An assessment was made, and judgment rendered accordingly. Among other stockholders, the court undertook to adjudge that Elizabeth M. Kirtley and Jerry H. Kirtley, as administratrix and administrator, respectively, of the estate of John M. Kirtley, deceased, should be assessed in the sum of $6,457; and the parties held liable were ordered to pay their several assessments within 30 days to the receiver, and this further order was made: "Upon motion of the plaintiff and the cross petitioners herein, the court doth hereby appoint John R. Holmes receiver herein, and does authorize and direct said John R. Holmes, as such receiver,

to collect and receive from the defendants the amounts assessed against them, and to take all steps that may be necessary for that purpose, including the employment of counsel, the commencement of actions in this or any other court, whenever it may be necessary to make collections, as well from the defendants herein as from those who are not within the jurisdiction of the court, or from those whose property has been attached herein. Said John R. Holmes, receiver, before entering upon his duties as such receiver, shall give bond, conditioned according to law, in the sum of $100,000, and otherwise qualify himself by taking the oath of office." And said receiver was ordered to pay the costs of the action, the fee of the master, and to bring the remainder of the moneys coming into his hands into court for final distribution.

John R. Holmes, the said receiver, thereupon gave bond and proceeded to execute the duties of his office, and, among other things, instituted the present action in the circuit court of the United States for the district of Kentucky. In the bill allegations were made of the facts above stated as to the assessment by the order of the court of common pleas of Hamilton county, Ohio, with a statement of the proceedings leading up to the same. The bill also contained allegations as to the amount of outstanding indebtedness, and the consequent necessity of assessing each and every stockholder for the full amount of his stock. It also alleged the ownership of said 120 shares by John M. Kirtley during his lifetime, his death and appointment of his said representatives, proof of the claim, and refusal of the administratrix to allow and pay the same. It also alleged that said Kirtley was the owner of certain real estate in the county of Kenton, city of Covington, and state of Kentucky; that the personal estate of said Kirtley was insufficient to pay his debts; that the real estate of said Kirtley had been transferred by his children, who were defendants in the bill, to their mother, Elizabeth M. Kirtley; and that said transfer was not for a valuable consideration, and was fraudulent as against the creditors of said John M. Kirtley. Also contained other allegations, not necessary to recite in this connection, and sought to subject said real estate to the payment of the claim of said receiver. Issues were joined by answers filed by the administratrix and the heirs of said John M. Kirtley, deceased. Upon the trial certain stipulations were filed in the court, to wit: "It is stipulated between the counsel in this case: That an action was commenced in the court of common pleas of Hamilton county, state of Ohio, by Albert Berger, on behalf of himself and other creditors of the Commercial Bank of Cincinnati, Ohio, against the said bank and all of the stockholders thereof within the jurisdiction of said court, to assess the additional statutory liability upon said stockholders under the constitution and statutes of the state of Ohio. That John M. Kirtley, a resident of the state of Kentucky, was originally made a party defendant to the said suit and served with process, and filed his answer therein. That said John M. Kirtley died on the 23d day of February, 1896, domiciled in the state of Kentucky, and between that date and the 16th day of June, 1896, an entry was made in said cause suggesting the death of said John M. Kirtley, and substituting the defendant Elizabeth M. Kirtley, administratrix of his estate, who had been appointed administratrix by the proper court in Kenton county, state of Kentucky. That the said Elizabeth M. Kirtley, administratrix, was never served with summons or other process in said case; but an advertisement was published in a newspaper within said Hamilton county, state of Ohio, under and in accordance with the statutes of said state, serving her, or purporting to serve her, by what is known as 'constructive process,' and that was the only means adopted to make her a party defendant to the suit. And said Elizabeth M. Kirtley, administratrix, never appeared in said cause, and was never a stockholder in said Commercial Bank in any capacity otherwise than as the title to the stock alleged to have been held by John M. Kirtley may have passed to her by law as his administratrix, and thereafter, to wit, on the 6th day of July, 1896, the decree in said cause, a copy of which is attached to her answer herein, was entered on the journals of said court, and that is the same decree that is mentioned in the bill of complaint in said cause. It is hereby stipulated and agreed between counsel for the respective parties to this cause to be a fact that there are no liabilities or

claims against the estate of John M. Kirtley, deceased, other than that set forth in the bill herein, and that there is no real or personal property now belonging to the estate of said decedent, other than that described in said bill."

Upon trial the court found in favor of the receiver, ordering the real estate in question to be sold, to reverse which decree this appeal is prosecuted.

C. B. Matthews, for appellants.

H. D. Peck and S. D. Rouse, for appellee.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge, after stating the foregoing facts, delivered the opinion of the court.

The principal question in the case is as to the right to enforce the so-called "stockholders' liability" arising under the constitution and laws of the state of Ohio in a court of the United States in a state other than the one in which the liability arose. The stockholders' liability in the state of Ohio is created primarily by the constitution of the state. Article 13, § 3, of the constitution of Ohio provides:

"Dues from corporations shall be secured, by such individual liability of the stockholders, and other means, as may be prescribed by law; but, in all cases, each stockholder shall be liable over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock."

For the purpose of giving effect to this constitutional provision the legislature of Ohio has passed certain statutes. Section 3258, Rev. St. Ohio, provides:

"The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation."

Section 3259 provides:

"The term 'stockholders' as used in the preceding section shall apply not only to such persons as appear by the books of the corporation to be such, but to any equitable owner of stock, although the stock appears on the books in the name of another."

As to the manner of enforcing such liability, it is provided in section 3260:

"A stockholder or creditor may enforce such liability by action jointly against all the holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation, and against all persons liable as stockholders; and in such action there shall be found and determined the amount payable by each person liable as stockholder on all the indebtedness of the corporation, in which adjudication no costs shall be taxed to nor collected of any stockholder to an amount which together with the amount to be paid on said indebtedness, will exceed the amount of the stock on which he is liable, provided, that in any such action the plaintiff may file in the court a sworn statement that a stockholder or stockholders or the legal representatives of a deceased stockholder have not been summoned, giving their residence if known, and that it is impracticable to secure service of summons upon such stockholders or such legal representatives of a stockholder, and remitting from the claims of the plaintiff or of other creditors consenting, so much as may be found payable by such stockholders not served with summons except those who may be insolvent or non-resident of the state, and judgment shall be rendered against the stockholders who have been served with summons, for the pro rata amount for which they would be liable if all sol-

vent stockholders *resident of the state* were served with summons; and when a creditor has prosecuted against a corporation an action of [at] law begun before any action to enforce the stockholders' liability, and has recovered final judgment only after such an action to enforce the stockholders' liability has been prosecuted to a final decree in the court in which the action was commenced, such judgment creditor may bring a like action against the stockholders of the corporation to enforce such judgment at any time within four years after the recovery of his said judgment, but the stockholders shall not be liable for any amount in excess of that provided in section thirty-two hundred and fifty-eight."

Before the passage of section 3260 the supreme court of Ohio, passing upon the constitution and a statute enacted in practically the terms of the constitution, without providing the method of enforcing the liability more specifically, held that the stockholders' liability created by the constitution and laws of Ohio is not a primary resource or fund for the payment of the debts of the corporation, but is collateral and conditional to the principal obligation which rests on the corporation, and is to be resorted to by the creditors only in case of the insolvency of the corporation, or where payment cannot be enforced against it by ordinary process; that an action to enforce such liability must be brought for the benefit of all the creditors against all the stockholders; that no creditor can acquire priority by undertaking to institute a separate suit for his own benefit; that the provision inured to the benefit of all the creditors, and the remedy must be sought for the common benefit of all. Wright v. McCormack, 17 Ohio St. 87; Umsted v. Buskirk, 17 Ohio St. 114. The right of action arising under the constitution of the state of Ohio and the statutes passed in pursuance thereof, while it may be regarded in some sense as a statutory action, does not wholly arise therefrom, but rather from the constitutional provision for the benefit of creditors of corporations. declaring that stockholders shall be liable, at least, in an amount equal to the stock held by them. This right created by the constitution could be enforced in the absence of a statute. It is a right arising from the contract which every stockholder makes, upon becoming such, with the creditors of the corporation. Under such a constitution, and laws passed in pursuance thereof, creditors have a right to look not only to the liability of the corporation, but to the personal liability of the stockholders, which is incurred, no less than the corporate obligation, whenever any debt is created. It is in fact a liability upon contract. This was distinctly ruled in Brown v. Hitchcock, 36 Ohio St. 667. The supreme court of the United States has taken the same view of the nature of the liability *under such constitutions and statutes*. Whitman v. Bank, 176 U. S. 559, 20 Sup. Ct. 477, 44 L. Ed. 587,—a case arising under the constitution of Kansas, providing that:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder, and such other means as shall be provided by law."

Under the statutes passed in Kansas a right of action is given in favor of any creditor against a stockholder, and not by one common action by all creditors against all stockholders, as is the case in Ohio. Nevertheless the nature of the liability is the same as under

the Ohio constitution and laws, and is no less contractual in its nature. Such is also the holding of the supreme court in Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966; of the court of appeals in New York in the case of Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725; and of the supreme court of Massachusetts in the late case of Howarth v. Lombard, 175 Mass. 570, 56 N. E. 888. In Hawthorne v. Calef, 2 Wall. 10, 17 L. Ed. 776, it was decided that the obligation was contractual in the sense that it is of constitutional right, and no subsequent statute can impair the obligation of the contract. Numerous well-considered cases to the same effect are collected in the opinion of Justice Knowlton in Howarth v. Lombard, supra. When the obligation is created by an Ohio corporation, a creditor has the right to rely upon the obligation imposed by the constitution and laws of the state upon stockholders to answer to him in the event of a failure of the corporation, by reason of its insolvency, to meet its obligations, to an amount equal to the capital stock of the corporation outstanding. A stockholder, in like manner, must be held to have taken his stock in view of the obligation attaching thereto to answer to the creditors in an amount equal to his stock. Such being the nature of the liability, it is well settled that such obligation will be enforced, wherever practicable, in a federal court of competent jurisdiction. Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; Whitman v. Bank, 176 U. S. 559, 20 Sup. Ct. 477, 44 L. Ed. 587. The objection usually made to the enforcement of such obligations beyond the limits of the state creating them is either that the statutes are penal in their nature, or that an attempt to enforce them upon principles of comity in other states would be to hold a citizen of the foreign jurisdiction to a greater obligation and impose upon him greater burdens than those which rest upon citizens of the state creating the liability. We have already undertaken to show that the obligation is contractual, and not penal, in its nature. Is the remedy afforded in the courts of Ohio of such a peculiarly local nature that it would be inequitable to undertake to enforce it in another jurisdiction? Will such enforcement work a hardship and inflict an additional burden upon foreign stockholders? It may be admitted that, if such will be the effect of undertaking to enforce the liability, a court of another jurisdiction will withhold relief. Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, 30 L. Ed. 825. In that case Mr. Justice Gray, delivering the opinion of the court, said:

"In all the diversity of opinion in the courts of the different states upon the question how far liability imposed upon stockholders in a corporation by the law of the state which creates it can be pursued in a court held beyond the limits of that state, no case has been found in which such a liability has been enforced by any court without a compliance with the conditions applicable to it under the legislative acts and judicial decisions of the state which creates the corporation and imposes the liability. To hold that it could be enforced without such compliance would be to subject stockholders residing out of the state to a greater burden than domestic stockholders."

In this case it must be borne in mind that no attempt is being made to enforce the liability in the state of Kentucky in a different

or other manner than is being done in the original decree against stockholders resident of the state of Ohio. No attempt is being made to enforce the liability on a different principle of assessment than was adopted in the original case. In section 3260 of the Revised Statutes of Ohio an action is provided which is to be brought within the state for the benefit of all creditors and against all stockholders, and in that action it is expressly provided that the amount shall be found and determined payable by each person liable as a stockholder on account of all the indebtedness of the corporation. It is true that this section contains a provision that an assessment may be made upon the basis of the liability of all solvent stockholders resident of the state in the same manner as though all such stockholders had been served with summons. Of course, the Ohio courts have the power to enforce the assessment only upon such stockholders as are brought within their jurisdiction. It would be futile to undertake to collect an assessment upon those beyond the jurisdiction. They therefore enforce the contractual obligation of the stockholders to the extent which is practicable, having in view the liability of those within the jurisdiction of the court. The Ohio statute has not, however, undertaken to absolve other stockholders from their contractual obligation. That still exists. It is a right of the creditor. In consideration of the liability of the stockholder, foreign as well as domestic, credit was extended to the corporation. Upon every principle of equity and justice this liability should be enforced, if it can be without violating the principles of law, or unjustly discriminating against citizens of another jurisdiction.

In the present case we are not required to determine how far the findings of the Ohio court as to the insolvency of the corporation, the extent of its indebtedness, and the amount of the assessment are binding upon foreign stockholders. This subject has been a good deal discussed in some of the cases, but in the present case the decree rests not only upon the findings of the Ohio court as to the matters stated, but it is alleged and proved that the corporation was insolvent; that an assessment was required upon each and all of the stockholders in an amount equal to the stock held by them, and the decree was rendered upon proof independent of the proceedings in the Ohio court. The case actually under consideration comes to this: Can the contractual liability of a stockholder in an Ohio corporation, domiciled in a foreign jurisdiction, be enforced, where the proofs show an assessment in the state of the creation of the corporation upon domestic stockholders to the full amount of the stockholders' liability, and the testimony discloses the insolvency of the corporation and indebtedness in excess of the stockholders' liability, and an assessment is sought of exactly the same character as was enforced in the original case? We think, in the light of principle and authority, this question must be answered in the affirmative. We find the obligation to be one arising upon contract, and its enforcement upon principles of comity, at least, in cases like the one under consideration, to work no injustice upon citizens of a foreign jurisdiction.

2. A further question made in the case is: Can the receiver bring

the action? We think the order is broad enough, assuming that the court had power to make it, to justify the prosecution of suits in another jurisdiction. This seems to have been one of the purposes for which the receiver was appointed, and it would be a very narrow construction to hold that he was appointed only to collect the judgments rendered in the Ohio court. As the Ohio statute stood at the time the present cause of action accrued, and until the act of 1900 amending section 3260 and passing certain supplementary sections, no specific authority is found in the Ohio statute for the appointment of a receiver for the express purpose of bringing an action of this character. Nevertheless we think such authority existed. In the case of Zieverink v. Kemper, 50 Ohio St. 208, 34 N. E. 250, it was held that a receiver may, by authority of the court appointing him, prosecute actions in his own name, as such receiver, to enforce payment of judgments rendered for such statutory liability. In speaking of the right to appoint a receiver in such cases, Judge Burkett, delivering the opinion, says:

"We think there is abundant authority in the statutes for the appointment of a receiver in an action to collect the statutory liability of stockholders, and that such is the usual and better practice. But the judgment against the several stockholders must be rendered in the original action brought by a creditor or stockholder as provided in section 3260, Rev. St. Such an action is equitable in its nature, and the statutory liability of the stockholders is a trust fund inuring to the equal benefit of all the creditors of the corporation; and this fund is made up from different amounts of money, to be collected from many different stockholders, and to be distributed among many creditors, and no one creditor is more interested in the collection than another. As no preference can be obtained by diligence, no one would be specially interested in prosecuting suits for the equal benefit of himself and others; and in such cases it is the usage of equity to appoint a receiver to collect and distribute the fund, under the order of the court, for the equal benefit of all the creditors. The fact that the right of action is given by statute makes it none the less an equitable action, and being an equitable action in its nature, requiring the service of a receiver, it is one of those in which receivers have heretofore been appointed by the usages of equity, as provided in section 5587 of the Revised Statutes. This case also comes within the letter as well as the spirit of the third subdivision of said section 5587, which provides that a receiver may be appointed 'after judgment to carry the judgment into effect.'"

It is true that in the case just quoted it is said that the judgment against the stockholders must be rendered in the original action. Nevertheless, the right being of an equitable nature, and prosecuted for the benefit of all the creditors, it is recognized that a receiver may be appointed if the case be one where receivers are appointed by the usages of equity, as is specifically provided by section 5587 of the Ohio Revised Statutes. The action being for the benefit of all the creditors, and having been instituted upon that theory in the Ohio court, which is to ascertain the amount to be assessed against stockholders, and the creditors entitled to the benefit thereof, we think it is in harmony with the usages of equity to appoint a receiver who shall, under the direction of the court, bring an action in order to bring into the fund sums arising from the liability of stockholders beyond the jurisdiction of the court. The cause of action exists in favor of all creditors. It may be imprac-

ticable to unite all in the bringing of the action. A court of equity, in the exercise of its power to appoint a receiver, may well appoint one for the purpose of reaching such outstanding liabilities. The right of such a receiver appointed in another jurisdiction to maintain an action has been recognized in many well-considered cases. A receiver's right to sue is recognized upon principles of comity, where no injustice would be done to the citizens of the local jurisdiction, or his recognition conflict with public policy. Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725; Same v. Lombard, 175 Mass. 570, 56 N. E. 888; Howarth v. Ellwanger (C. C.) 86 Fed. 54; and Hale v. Hardon, 37 C. C. A. 240, 95 Fed. 747.

3. As to the objection to the manner of action in this case, which undertakes by a bill in equity to subject the lands of which Kirtley was seised at the time of his death to the payment of this claim, we think the bill can be maintained under sections 2087, 2089, Ky. St., cited in the opinion of Judge Barr in passing upon the demurrer in the court below. These sections seem ample to permit a creditor to follow the lands of a decedent in the hands of the heirs, or when conveyed to others than bona fide purchasers for value. The circuit court found (and we think the testimony fully warranted the conclusion) that the conveyance to Mrs. Kirtley was not upon a valuable consideration, and worked a constructive fraud upon the creditors of the decedent. Furthermore, we think a bill of this character may be maintained in the courts of the United States to subject this interest of the decedent to the payment of debts, in view of the stipulation in the record that there are no liabilities or claims against the estate of John M. Kirtley, deceased, other than that set forth in the bill herein, and that there is no real or personal property now belonging to the estate of said decedent other than that described in said bill. In such a case, we think there is no interference with the administration of the probate law of Kentucky in obtaining this asset and subjecting it to the only outstanding liability. Kennedy v. Creswell, 101 U. S. 641, 25 L. Ed. 1075.

The record discloses, however, that the court ordered the premises to be sold free of any dower interest of Elizabeth M. Kirtley. Assuming that the land still belongs to the estate of John M. Kirtley for the purpose of subjecting it to his debts, we are not aware of any principle which will permit Mrs. Kirtley to be deprived of such rights of dower or homestead as are given to her by the laws of Kentucky. The decree in that respect seems to be erroneous. So far as it undertakes to subject the premises to sale free from dower, the decree of the court below will be modified. In other respects it will be affirmed, and the cause remanded to the court below for further proceedings in accordance herewith.