BURR v. SMITH.

(Circuit Court, D. Indiana.   February 18, 1902.)

No. 10,039.

1. RES JUDICATA—APPOINTMENT AND POWERS OF RECEIVER.

Where, in a suit by creditors against an insolvent corporation and its stockholders, a judgment is rendered against a stockholder who is a party and has been duly served with process, and a receiver is appointed with power to bring an action in his own name on such judgment in the courts of any other jurisdiction, as authorized by a statute of the state, the right of the receiver to sue on such judgment, as against the judgment defendant, is res judicata.

2. CORPORATIONS—STATUTORY LIABILITY OF STOCKHOLDERS—ENFORCEMENT EXTRATERRITORIALLY.

Upon the principle of comity a federal court will recognize the right of a receiver appointed by a court of another state or jurisdiction, for the purpose of enforcing the liability of a stockholder for the benefit of the creditors of an insolvent corporation, to maintain an action therein in his own name against such stockholder to effectuate the purpose of his appointment, where such appointment was made and authority

to sue given pursuant to the statute which created the liability, and by a court of competent jurisdiction, and where such action will not violate the local policy or interfere with the rights of resident creditors.

At Law. On demurrer to complaint.

P. H. Rue and Herod & Herod, for plaintiff.
Miller, Elam & Fesler, for defendant.

BAKER, District Judge. The amended complaint, in a single paragraph, is an action on a judgment rendered by the court of common pleas of Warren county, Ohio. The complaint alleges that said court of common pleas was and is a court of general jurisdiction, duly created by the constitution and laws of Ohio; that on March 2, 1897, John, George L., and Thomas S. Harrison, partners as Harrison Bros. & Co., as creditors of the Eagle Paper Company, a corporation incorporated and organized under the laws of Ohio, for the use and benefit of themselves and all the other creditors thereof, brought an action in said court against the Eagle Paper Company and numerous other defendants, including the defendant herein, Sullivan N. Smith, which said defendants were alleged to be stockholders of said corporation, and all the stockholders thereof, and which said action was thus brought to enforce the payment by said defendants of their liability as such stockholders under the constitution and statute laws of said state for the debts of said corporation, and that the said statute laws of said state then required that such action should be brought by one or more creditors of the corporation for the use and benefit of all, and against all those liable as stockholders; that said plaintiffs afterwards caused lawful process to be issued in said action, and to be duly served on him, the said Sullivan N. Smith, on March 7, 1901, and that such proceedings were thereafter had in said action that on November 11, 1901, the said plaintiffs, for the use and benefit of themselves and all other creditors of said corporation, recovered judgment in said action against the defendant, Sullivan N. Smith, upon his liability as such stockholder, which judgment was then duly rendered and given by said court against said defendant for the sum of $10,000; that it is now and was on said last-named day provided and enacted by the statute laws of said state of Ohio that said court may, in an action therein of the kind in which such judgment was rendered against the defendant herein as aforesaid, appoint a receiver to collect and enforce the judgment rendered therein, and may also authorize and direct such receiver to prosecute in his own name as receiver and in other jurisdictions such actions as might be necessary to collect such judgments; that on November 11, 1901, the plaintiff herein was, by an order duly made by said court in said action, appointed receiver therein, and was by said order of appointment directed by said court, upon his qualification as such receiver, to proceed without delay to demand and collect said judgment so rendered against the defendant herein, and was thereby expressly authorized and empowered, among other things, to commence and prosecute in his own name as such receiver, in any court of any state or of the United States, any and all actions, suits, or proceedings

which, in his judgment, might be necessary and proper to that end, and to report to said court his proceedings under said order without delay, and that he was thereafter and now is duly qualified as such receiver under said order of appointment; and that no part of said judgment has been paid, and there is now due thereon from the said defendant, Sullivan N. Smith, to the plaintiff herein the sum of $10,000, with interest thereon from November 11, 1901.

The constitution of the state of Ohio (article 13, § 3) provides:

"Dues from corporations shall be secured by such individual liability of the stockholders and other means as may be prescribed by law; but in all cases each stockholder shall be liable over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum at least equal in amount to such stock."

The statute of Ohio (Rev. St. 1890, §§ 3258, 3259), in force when the corporation was organized, enacts:

"The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable in addition to their stock in an amount equal to the stock by them subscribed or otherwise acquired, to the creditors of the corporation to secure the payment of the debts and liabilities of the corporation."

The statute in force at the time the action was brought in the Ohio court authorized a suit to be brought by one or more creditors to enforce such liability generally against all stockholders for the benefit of all creditors of the corporation, in which action the court is required to determine the indebtedness of the corporation and the amount payable by each stockholder. The statute in force at the time the defendant was served with process therein provided that, whenever a creditor sought to charge the stockholders on account of any liability created by law, he should file his complaint for that purpose in any common pleas court which possessed jurisdiction to enforce such liability; that the court should proceed as in other cases to cause an account to be taken of the property and obligations of such corporation, and might appoint one or more receivers; that if, on the taking of such account, it appeared that such corporation was insolvent and had not sufficient property or effects to satisfy its creditors, the court might proceed to ascertain the liabilities of the stockholders and enforce the same by its judgment; in all cases in which the stockholders were made parties to an action in which a judgment was rendered, if the property of the corporation was found insufficient to discharge its debts, the court should give notice to non-resident stockholders, as provided in sections 5048–5052, Rev. St. 1890, and should first proceed to compel each stockholder to pay the amount remaining unpaid on the shares of stock held by him. The statute (section 3260) further enacts: If the debts of the corporation remain unsatisfied, the court shall proceed to ascertain the respective liabilities of the directors or other officers, and of the stockholders, and to adjudge the amount payable by each, and enforce the judgment as in other cases. The court may authorize and direct the receiver to prosecute such actions in his own name as receiver as may be necessary in other jurisdictions, to collect the amount due from any officer or stockholder.

The defendant has demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action. The defendant, in support of his demurrer, earnestly contends that the plaintiff, as a receiver by appointment of an Ohio court, cannot maintain an action upon the judgment rendered in the creditors' suit against him, citing and relying on the authority of the case of Booth v. Clark, 17 How. 322, 15 L. Ed. 164, and other cases in the state and federal courts following that decision.

The defendant was a stockholder in a corporation created under the constitution and laws of the state of Ohio. The constitution and statute laws of that state provided that each stockholder in such corporation should be liable to its creditors in an amount equal to the stock held by him. The liability of the stockholder is contractual. By the contract of subscription the stockholder impliedly agreed to pay the superadded liability if the assets of the corporation were insufficient to pay its debts. As a member of the corporation he also impliedly agreed to submit himself to the laws of the state creating the corporation. The laws of Ohio expressly provided that, in case the corporate assets proved insufficient to pay the corporate debts, the court should have the power to adjudge the amount payable by each stockholder on account of his liability as such stockholder. The statute also provided that in an action against a stockholder to enforce such liability the court should have authority to appoint a receiver, who should be empowered, in his own name, to maintain actions in other jurisdictions to collect the amount so found due and payable. The defendant was a party duly served with process in the action in the Ohio court in which the judgment in suit was rendered against him, and in which action the present plaintiff was appointed receiver, and as such receiver he was by the statute, and by the order of the court, empowered and directed, in his own name, to collect the judgment herein sued for. If the defendant conceived that that court had no rightful power to authorize the receiver then appointed to maintain a suit in another jurisdiction on the judgment then rendered against him, he ought then to have contested that question. In a court of competent jurisdiction it was adjudged that the receiver should have the right to maintain an action in his own name on the judgment in any other state or federal court. On what principle can the defendant now contest a question which, so far as he is concerned, is res adjudicata? Why is the decree of the Ohio court adjudging the plaintiff's right as receiver to maintain, in his own name, in another jurisdiction, a suit upon the judgment then rendered, less conclusive on the defendant than it is upon any other question in issue and adjudged by the court? The state of Ohio had the undoubted right to provide for the liability of the stockholders of domestic corporations, how the extent of that liability should be determined, and by whom its collection should be enforced. It has provided that this liability should be enforced by a receiver in his own name, both within and without the state. By his contract of subscription the defendant impliedly agreed that his liability might be enforced by an action in the name of a receiver duly appointed by a court of common pleas of the state of Ohio, when such receiver was clothed by the decree

of a competent court with that authority. The court of common pleas of Warren county, Ohio, had jurisdiction of the subject-matter, and it acquired jurisdiction of the person of the defendant by service of process upon him, and, pursuant to the statute of the state, it appointed the plaintiff as receiver, and adjudged that as such receiver in his own name he should have the right to maintain an action upon the judgment here in suit in any court of competent jurisdiction without the state of Ohio. When a state by its statute creates a liability unknown to the common law, can it be successfully contended that it may not determine by whom, and in whose name, that liability may be enforced? The statute of Ohio invested the receiver, when duly appointed, with the right to maintain a suit to enforce the stockholder's liability for the benefit of the creditors of the corporation, and on what principle of justice or comity can the courts in a sister state refuse to permit the receiver to maintain an action, to enforce such liability? Such a receiver is something more than an ordinary chancery receiver appointed to take possession of the property and collect the debts owing to a corporation or an individual. The present receiver was appointed to enforce for the benefit of creditors liabilities to which the corporation had no right or title. Formerly the primary object of a receiver's appointment was to preserve the fund or property so that it might be appropriated as the final decree of the court should direct. In recent times, however, both in England and in the United States, there has been a strong tendency towards enlarging the scope of the receiver's powers. The general rule as to the receiver's title is greatly modified in the case of a receiver appointed at the suit of judgment creditors. In such cases he is appointed, not alone for the purpose of preserving the property, but also to reduce property and effects into possession, and to distribute the proceeds among the creditors. Hence the receiver is usually given authority to maintain suits in his own name to enable him effectively to carry out the purpose of his appointment. Such authority is unquestionably effective within the jurisdiction of his appointment. "The rule in this country is said to be that receivers appointed by one jurisdiction are not entitled as of right to recognition in other jurisdictions; and that courts of equity cannot acquire extra-territorial jurisdiction over property or rights by the appointment of receivers. But expressions of this character have been considered to go too far, and the correct and current doctrine appears to be that under the principle of comity the courts of one jurisdiction will recognize the authority and permit the exercise of the functions of a receiver appointed in another jurisdiction, except in those cases where a court of the former jurisdiction finds that its own policy would be displaced or the rights of its own citizens invaded or impaired, and this seems to be especially true where such receiver is, by the terms of his appointment, to gather in the assets wherever found." 20 Am. & Eng. Enc. Law (1st Ed.) 65, 66. The doctrine thus stated is supported by reason and by the great weight of authority in the courts of the United States. The nature of the union between the states as members of a common government, the intimate and vital interests and relations, commercial as well as political, which bind

them together, should lead to a greater degree of comity between them than would be expected to exist between states wholly foreign to each other. This principle of comity between the states of the Union is now generally recognized. It is recognized by the courts of the state of Ohio. Bank v. McLeod, 38 Ohio St. 174. It is also recognized in the courts of this state (Metzner v. Bauer, 98 Ind. 425), where the court says that as a matter of comity receivers duly appointed and qualified in other states may, to the extent of their authority, maintain suits in the courts of this state. This doctrine is again affirmed in the case of Catlin v. Silver Plate Co., 123 Ind. 477, 24 N. E. 250, 8 L. R. A. 62, 18 Am. St. Rep. 338, where what is conceived to be the true doctrine is thus stated:

"While there are authorities of great weight which seem to hold that a receiver appointed in one jurisdiction will not be permitted to maintain a suit in a foreign state, the generally prevailing doctrine upon which all the decisions seem to be harmonious is that upon the principles of comity the courts of the jurisdiction in which the property or fund is situated will recognize the right of the receiver so far as to aid him in reducing it to possession, unless to do so would in some way violate the local policy or interfere with the rights of resident creditors."

The present suit, if it had been brought in a court of this state, would have been maintainable by the receiver in his own name. Why should it not be maintainable in a federal court exercising jurisdiction in the same state? The requisite diversity of citizenship is shown to exist, and the amount in controversy exceeds, exclusive of interest and costs, the sum of $2,000. It was a wise policy of the constitution to give, in such cases, the plaintiff a choice of tribunals. Whenever a citizen of one state may go into the courts of another state, no reason is perceived why, if the case is one within the jurisdiction of a federal court, he may not go into that court.

But it is contended that the case of Booth v. Clark, 17 How. 322, 15 L. Ed. 164, settles the doctrine the other way, and that its authority is binding on this court. No case is binding as an authority on any inferior court except in a case presenting a substantially similar state of facts. In that case one Camara recovered judgment in the supreme court of New York against Ferdinand Clark for $4,688.40, upon which a fi. fa. was issued and returned nulla bona. Camara then filed a creditors' bill in the chancery court of New York, and upon due proceedings had therein Booth was appointed receiver August 3, 1842. Nothing was done by the receiver until 1851, when Booth, as receiver, reported that no effects of Clark had come to his knowledge except a claim upon Mexico, which had been adjudged to Clark by the United States commissioners under a treaty with Mexico, and that as receiver he was contesting it, and he asked from the court authority to proceed for that purpose, which was granted. On May 29, 1851, Booth, as receiver, filed his bill in the circuit court for the District of Columbia, reciting so much of the proceedings in the New York courts as was deemed necessary to support his bill. Clark answered the bill, and among other things alleged that, being a resident of the state of New Hampshire, he was, on March 22, 1843, on his own petition, adjudged a bankrupt, and that one Palmer was

duly appointed his assignee, and that on the death of Palmer one Hackett was duly appointed his assignee in succession. On page 328, 17 How., 15 L. Ed. 164, the court says:

"This suit is substantially between Hackett as the assignee of Clark in bankruptcy and Booth, the receiver under Camara's creditors' bill; that it may be determined by this court which of them has the official right to the Mexican fund for the distribution of it between the creditors of Clark, or whether Booth as receiver shall have from that fund a sufficient sum to pay Camara's entire debt, leaving the residue of it for distribution between Clark's other creditors."

Upon this statement of the case, the court stated the question for decision thus:

"The leading point in the case is the effect of the proceedings under the last to give a right to the receiver in virtue of a lien which he claims upon the property of the debtor to sue for and to recover any part of it, legal or equitable, without the jurisdiction of the state of New York. In other words, as an officer of a court of chancery, for a particular purpose, will he be recognized as such by a foreign judicial tribunal, and be allowed to take from the debtor a fund belonging to the debtor for its application to the payment of a particular creditor within the jurisdiction of the receiver's appointment, there being other creditors in the jurisdiction in which he now sues contesting his right to do so?"

The court correctly decided that under such circumstances the receiver could not maintain his suit. Under similar circumstances, no receiver would be permitted to maintain a suit in the courts of another jurisdiction, because to do so would be to interfere with the rights of domestic creditors. This case, however, is not authority for the doctrine that a receiver appointed for the purpose of enforcing the liability of a stockholder for the benefit of the creditors of an insolvent corporation may not maintain a suit in the courts of another jurisdiction to effectuate that purpose. What is said by Mr. Justice Wayne to the effect that a receiver cannot maintain suits in other jurisdictions was unnecessary to the decision of the case, and, on familiar principles, cannot be regarded as of binding authority. I cannot regard it as a binding authority on the question before me, because neither the policy of this state nor the interests of domestic creditors will be interfered with if it should be held that the receiver may maintain the present suit.

It would be unprofitable to comment upon or review the federal and state cases which follow the case of Booth v. Clark, cited by counsel for the defendant. The views herein expressed are supported by the recent cases of Insurance Co. v. Schultz, 25 C. C. A. 453, 80 Fed. 337; Hale v. Hardon, 37 C. C. A. 240, 95 Fed. 747; and Kirtley v. Holmes, 46 C. C. A. 102, 107 Fed. 1, 52 L. R. A. 738,—decided by the circuit court of appeals of the First, Fourth, and Sixth circuits, respectively.

It follows that the demurrer should be, and the same is, overruled, to which the defendant excepts.