Hillsborough, }
  May 3, 1904. }

### CARTER, RICE & CO. *v.* SAMUEL HANO CO. *& a.*

The individual liability of stockholders for the debts of the corporation is enforceable only by a bill in equity.

A bill in equity whereby the creditor of a domestic corporation seeks a determination of the amount of his claim and an apportionment of the individual liability of stockholders therefor is not demurrable at the instance of the company merely because it contains a superfluous prayer for relief.

In such proceeding, the plaintiff may at least have appropriate relief against the corporation and such of its members as appear.

BILL IN EQUITY, containing the following allegations, in substance: The Samuel Hano Company is a corporation duly organized under the laws of this state, having its place of business at Nashua. The other defendants—all non-residents of the state—are the stockholders of the corporation. The plaintiffs are creditors of the corporation, and bring the bill in behalf of themselves and all other creditors who may join them. No certificate of the payment of the whole amount of the capital fixed and limited by the corporation has been recorded by or filed with the city clerk of Nashua, nor has such payment been made. The plaintiffs have made a legal demand upon the corporation for the payment of the debts due them, which are particularly set forth, and more than sixty days have elapsed since it was made; yet the corporation, its officers and stockholders, have failed to pay such debts, or to expose unincumbered personal property of the corporation sufficient to satisfy them, and the officers have failed to call a meeting of the stockholders to provide means for the purpose. By virtue of these facts, the defendant stockholders became liable to the plaintiffs for the debts. The Hano Company has not transacted any business for a long time, and its directors are absent from the state. It has no property or assets in the state. The plaintiffs have no adequate remedy at law. The prayers of the bill are for (1) an ascertainment of the amount of the Hano Company's indebtedness to the plaintiffs, (2) a decree as to the liability of the defendant stockholders, (3) a determination of the respective rights of the plaintiffs and all creditors who may join in the bill, (4) the appointment of a receiver to represent the corporation and institute such proceedings and take such other measures within or without the state for enforcing the stockholders' liability to the plaintiffs as the court may deem proper, and (5) for such other relief as may be just.

The only service made upon the defendant stockholders was by

giving in hand or leaving at the abode of each, without the state, an attested copy of this bill and order of notice. One stockholder (Saunders) appeared, but filed no answer. Due service was made upon the corporation within the state, and counsel appeared specially for it and demurred to the bill on the ground that the plaintiffs are not entitled to have the liability of any of the non-appearing stockholders apportioned and decreed, nor to have a receiver appointed, nor to have other relief.

The case was transfered, without a ruling, from the September term, 1903, of the superior court by *Wallace*, C. J.

*Henry A. Cutter* and *Brandeis, Dunbar & Nutter* (of Massachusetts), for the plaintiffs.

*Morse & Friedman* (of Massachusetts), specially, for the Samuel Hano Company.

*Joseph W. Saunders, pro se.*

CHASE, J. According to the allegations of the bill, the stockholders are liable for the plaintiffs' debts; and this is a proper form of remedy to enforce the liability. P. S., c. 150, s. 8; *Ib.*, c. 151, s. 1; *Erickson* v. *Nesmith*, 46 N. H. 371. As against the Hano Company and Saunders, at least, the plaintiffs are entitled to the relief prayed for, except perhaps the appointment of a receiver. *Rice* v. *Hosiery Co.*, 56· N. H. 114, 128. A receiver may be unnecessary if the decree binds these parties only. But if so, the demurrer in behalf of the corporation cannot be sustained merely because the bill contains a superfluous prayer. This disposes of the demurrer so far as it relates to the rights of the party in whose behalf it was nominally filed.

The case may assume a form that will render the prayers for the appointment of a receiver and a determination of the liability of the non-appearing, non-resident stockholders essential to the administration of justice between the plaintiffs and them. The statute provides that when a corporation fails to pay its debt on demand and to expose unincumbered personal property sufficient to satisfy the same, the officers of the corporation "shall forthwith call a meeting of the stockholders to provide means for its payment, by assessment upon themselves or otherwise, within sixty days from the date of the demand." P. S., c. 151, s. 4. This statute is based on the theory that the stockholders will raise by assessment the funds necessary to fulfil their obligations, when their attention is duly called to the necessity. According to the allegations of the bill, there is necessity for an assessment in this case,

all preliminary steps have been taken to render it the duty of the officers to call a meeting for the purpose, and they have failed to perform the duty.   If they are within the jurisdiction of the court, they may be ordered to perform it, as well as be compelled to pay a forfeiture ·to any person injured.   If they are not within the jurisdiction, some one may be appointed by the court to call the meeting.   It cannot be assumed that, at a meeting thus called, the stockholders will not attempt to fulfil their obligations.   If they do not make an assessment, the court may make it for them. *Hawkins* v. *Glenn*, 131 U. S. 319, 329; *Howarth* v. *Lombard*, 175 Mass. 570, 578.   In either case, if a stockholder fails to pay the assessment, it seems that an action of assumpsit will lie to recover it.   *Ossipee etc. Co.* v. *Canney*, 54 N. H. 295, 318.   In such event it may become necessary to have a receiver to aid in making the collection.   But as the case now stands, it is unnecessary to further consider these questions.   It would be a reproach upon the law if non-residents can avail themselves of the statutes of the state to organize and maintain a corporation, and be exempt from the liabilities which the statutes impose upon them, só long as they keep out of the state.   This would be especially true as to non-residents who took part in organizing a voluntary corporation and were signers of the articles of agreement required in such case.   P. S., *c.* 147, *s.* 2.   For them, at least, it would be difficult to show that they had not entered into a contract in this state, having in view the laws of the state regarding its legality, execution, and scope. ·

*Demurrer overruled.*

All concurred.